The Honorable Cliff Hoofman State Senator Box 1033 North Little Rock, AR 72115-1038
Dear Senator Hoofman:
You have presented the following question for my opinion:
 Is it appropriate for a sheriff's office to charge defendants a fee to pick up a warrant at the sheriff's office and be formally charged with an offense?
You indicate that your question arises out of a practice that you understand is being followed in the sheriff's offices of some counties. Under that practice, the sheriff's office notifies a defendant that a warrant is being held at the sheriff's office to be picked up. When the defendant arrives to pick up the warrant, he is charged a fee to be served with the papers. If he refuses to pay the fee, he is then arrested on the warrant.
RESPONSE
It is my opinion that it is not appropriate for a sheriff's office to charge defendants a fee to pick up a warrant at the sheriff's office and be formally charged with an offense, as you have described.
I have previously opined, as did my predecessors, that warrant fees and other costs cannot be collected until after the court has entered a judgment against the defendant. See, e.g., Ops. Att'y Gen. Nos.2001-226; 2000-303; 97-300; 89-241; 89-208. The conclusion in those opinions was based upon the fact that A.C.A. § 16-90-113, which governs judgments, requires that judgments against defendants include the costs of the officers rendering the service for which the cost was incurred. Because these costs must be included in the entry of judgment, it is impermissible for officers to collect such costs prior to judgment.
In addition, it should be noted that my predecessor also opined that the appropriateness of the warrant fee could be affected by the fact that the warrant was never actually served by an officer. See Op. Att'y Gen. No.97-362. This view was based upon the fact that A.C.A. § 16-90-113 plainly states that the costs that are authorized to be included in the judgment are to be "for the benefit of the officers rendering the service." Id.
This language clearly contemplates that costs must be charged against the defendant only for services actually rendered. In the scenario you have described, it appears that the warrant was not actually "served" in the sense that an officer rendered a service that should be compensated or that deserves some compensating benefit, as described in A.C.A. § 16-90-313.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General